E. L. OSBORNE *v.* J. H. BRADSHAW.

**War—Property Taken—Promise Without Consideration.**

Where a soldier at the command of defendant took plaintiff's mare when defendant was not present, the promise of defendant to send the mare back or pay for her, being made without consideration, is unenforceable.

**War—Taking Property—Liability.**

The mere fact that the mare in question was taken by a soldier at defendant's command, when defendant was not present, does not make him responsible for the trespass, and defendant's failure to compel the soldier to surrender the mare when the colonel of his regiment was present and in command can not be regarded as a ratification of the tort.

APPEAL FROM POWELL CIRCUIT COURT.

February 4, 1873.

OPINION BY JUDGE LINDSAY:

The evidence heard upon the trial of this case utterly fails to show that Bradshaw participated, either directly or indirectly, in the taking of Osborne's mare, or that he interposed any obstacle to its recovery. The mere fact that the mare was taken by a soldier under his command, he not being present, does not make him responsible in law for the trespass, and his failure to compel the soldier to surrender the mare, when the colonel of his regiment was present and in command can not be regarded as a ratification of the tort, and even if he did agree that he would subsequently send her back to the appellant or pay for her, the promise being without consideration can not be enforced. For these reasons a verdict against him would properly have been set aside as palpably against the weight of the evidence. Such being the case it is immaterial whether the instructions given by the court were correct or not.

Judgment *affirmed*.

*Hazelrigg, for appellant.*

*Holt, for appellee.*